GLD-119                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1060
_____

WILLIAM D. TURNER,
Appellant

v.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-11-cv-05208)
District Judge:  Honorable Edmund V. Ludwig
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2012

Before:  FUENTES, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: March 9, 2012)
_____

OPINION
_____

PER CURIAM

    William D. Turner, a Pennsylvania prisoner proceeding pro se, is currently serving

a life sentence for his 1981 conviction for first-degree murder.  In August 1999, he filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania alleging ineffective assistance of counsel at his murder trial.[1] The petition was referred to a Magistrate Judge who recommended that the District Court dismiss it as time-barred. The District Court adopted the Magistrate Judge's Report and Recommendation, and dismissed Turner's petition.[2] Turner v. Dragovich, No. 99-3975 (E.D. Pa. July 25, 2000).

In August 2011, Turner filed in the District Court a pleading styled as a "petition for mandamus" seeking de novo review of his previously dismissed habeas petition. Turner claimed that the District Court never considered the objections that he filed to the Magistrate Judge's Report and Recommendation; according to Turner, the court overlooked his argument that his § 2254 petition was in fact timely because it related back to his 1986 petition. The District Court found that Turner had failed to demonstrate that this argument was overlooked, and denied the petition. Turner subsequently sought reconsideration, but the District Court denied his request. Turner now appeals from the District Court's order.

---

[1] This was Turner's second habeas petition. In 1986, he filed a petition complaining of undue delay in his Pennsylvania post-conviction proceedings. The District Court denied the petition. Turner v. Zimmerman, No. 86-6818 (E.D. Pa. Feb. 3, 1987).

[2] This Court subsequently affirmed the District Court's dismissal of the petition. Turner v. Dragovich, No. 00-2348 (3d Cir. Apr. 8, 2002). Since then, Turner has filed several unsuccessful motions under Rule 60(b) of the Federal Rules of Civil Procedure seeking to reopen his § 2254 proceedings. See, e.g., Turner v. Kerestes, E.D. Pa. Civ. No. 10-1235; Turner v. Kerestes, E.D. Pa. Civ. No. 10-3163; Turner v. Kerestes, E.D. Pa. Civ. No. 10-3577; Turner v. Kerestes, E.D. Pa. Civ. No. 10-4388.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm. As the District Court explained, the docket entries in Turner's habeas proceeding reflect that he filed objections to the Magistrate Judge's Report and Recommendation on June 20, 2000. Turner has failed to demonstrate that the District Court neglected to consider those objections before reaching its decision to deny his petition for habeas corpus. Therefore, the District Court properly denied the petition.

The District Court also properly denied Turner's motion for reconsideration. In the motion, Turner merely reiterated his allegations and requests for relief, and did not present any argument or evidence that would provide a basis for reconsideration. See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (providing that a motion for reconsideration filed pursuant to Rule 59(e) may be granted on one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice").

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the District Court's orders. See Third Cir. L.A.R. 27.4. Turner's motion for summary action is denied.